STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 96-7-12 Vtec |

| | |
|---|---|
| Roger Rowe et al A250 Gravel Pit | DECISION ON MOTION |

**Decision Regarding Proposed Grant of Summary Judgment**

This matter relates to an application to amend an Act 250 Land Use Permit to operate an existing gravel pit located off Furnace Road in Pittsford, Vermont. Neighbors of the property moved to dismiss the application, arguing it was barred by the parties' prior agreement and Act 250 Rule 34(e).

Now before the Court are the parties' responses to this Court's proposed grant of summary judgment to the Neighbors. After receiving cross motions for summary judgment, the Court issued a decision on July 22, 2015 explaining its intent to grant summary judgment to the Neighbors pursuant to V.R.C.P. 56(f)(2) on an issue not raised by either party. Based on the facts as alleged by Appellant in its motion for summary judgment and not challenged by the Neighbors, this Court provided the parties with notice that it intended to conclude that the amended Act 250 Land Use Permit #1R0387-2-EB (the EB Permit) had expired on October 15, 2010—the date reclamation at the site was allegedly completed in accordance with the permit requirements. Therefore, Act 250 jurisdiction would have ceased to exist on the parcel as of that date, and Appellant's application for a permit amendment would have had to be dismissed, as there would be no existing Act 250 permit to amend. See 10 V.S.A. § 6090(b)(1). Pursuant to V.R.C.P. 56(f), the parties were given an opportunity to file responses to the proposed decision.

The Neighbors responded on August 24, 2015, claiming that reclamation was never completed at the site, and, therefore, the EB Permit was never satisfied and Act 250 jurisdiction continues. See In re Hamm Mine Act 250 Jurisdiction, 2009 VT 88, ¶ 18, 186 Vt. 590. The Neighbors submitted an affidavit and other evidence supporting their claim that reclamation

1

was not complete. Appellant contends that the permit requirements were fully satisfied, but opposes the proposed decision on other grounds.

Based on the Neighbors' response and the evidence submitted in support thereof, the Court finds that the Neighbors have established the existence of a dispute of material fact over whether the permit has in fact expired. By the terms of the EB Permit, all reclamation activities were to be completed by October 15, 2010. If, as the Neighbors allege, reclamation was never completed as required by the EB Permit, the conditions of the EB Permit have not been satisfied, and Act 250 jurisdiction continues. See id. ¶ 19.

Moreover, if the property remains subject to the EB Permit, there remain significant factual disputes surrounding whether a permit amendment is necessary and whether the amendment is precluded by the settlement agreement, the EB Permit, or Act 250 Rule 34(E). The Court concludes, therefore, there are material facts that remain in dispute, rendering summary judgment inappropriate. See V.R.C.P. 56(a). The parties' cross motions for summary judgment are hereby **DENIED** and the matter must go to trial. The Court will set this for trail and issue a notice of hearing in the near future.

By no later than September 18, 2015, all parties are **ORDERED** to file, in writing, their unavailable dates for a one-day trial in December 2015 and January 2016.

Electronically signed on September 11, 2015 at 11:35 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

2